NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

```
_____
                               :
MARK PICOZZI,                  :
                               :      Civil Action No.
               Plaintiff,      :      12-3063 (NLH)
                               :
          v.                   :      **O P I N I O N**
                               :
HONORABLE KYRAN CONNOR et al., :
                               :
               Defendants.     :
_____:
```

**Hillman**, District Judge:

　　Plaintiff Mark Picozzi ("Plaintiff"), then being a pre-trial detainee confined at the Atlantic County Justice Facility, Mays Landing, New Jersey, commenced this 42 U.S.C. § 1983 action by submitting a civil complaint unaccompanied by prepayment of his filing fee.  Following this Court's order denying him in forma pauperis status, see Docket Entry No. 3, he submitted a proper application and now qualifies to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) (1998).  See Docket Entry No. 5.

　　Plaintiff's complaint named, as Defendants, Judge Connor (the trial judge presiding over Plaintiff's state prosecution), Donna Fetzer (the prosecutor representing the State in that case), and Nellie Marquez and Robern Moran (the public defender

representing Plaintiff and her supervisor).  The complaint
asserted that: (a) Plaintiff's rights to speedy trial were
violated; (b) during a certain court hearing, the prosecutor
described the content of evidence in the fashion Plaintiff deemed
erroneous; (c) the public defender was not sufficiently prepared;
(d) the public defender's supervisor was insufficiently involved;
and (e) the trial judge made certain scheduling decisions and
evidentiary findings unfavorable to the Plaintiff.  See Docket
Entry No. 1, at 4-6.  Plaintiff asked this Court to dismiss his
state criminal proceedings or, in alternative, to preside over
Plaintiff's state prosecution.[1]  See id. at 11.

Plaintiff made a substantively identical request to the
United States Court of Appeals for the Third Circuit.  See In re
Picozzi, 501 F. App'x 103 (3d Cir. 2012).  The Court of Appeals
denied Plaintiff injunctive relief and explained to him that no
federal court intervention was warranted.[2]  See id.

The complaint fails to state a claim upon which relief can
be granted.  See Ashcroft v. Iqbal, 556 U.S. 662 (2009) (to

----

[1] Plaintiff did not seek removal of his state prosecution to
the federal forum.

[2] As of now, the website of New Jersey Department of
Corrections does not show Plaintiff as a state inmate, thus
suggesting that Plaintiff's criminal trial took place, and he was
either acquitted or convicted and has served any sentence of
incarceration. See https://www6.state.nj.us/DOC_Inmate/results.
However, the Court cannot rule out that Plaintiff might still be
in confinement and remains in the pre-trial detention stage.

survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (citation omitted).

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).  Here, Plaintiff failed to make the required showing.

To the extent Plaintiff seeks injunctive relief, such relief is unwarranted.  The Court of Appeals already extensively detailed the relevant law to Plaintiff, see In re Picozzi, 501 F. App'x 103, and repeating that here is unnecessary.[3]

To the extent Plaintiff's challenges could be construed as seeking monetary damages, they are facially deficient, either for

_____

[3] If Plaintiff seeks to raise his constitutional challenges before this Court, the Court's intervention would run afoul of the doctrine articulated in Younger v. Harris, 401 U.S. 37, 41 (1971).  See Kendall v. Russell, 572 F.3d 126, 130, 52 V.I. 1021 (3d Cir. 2009) ("Younger abstention [prompts the] federal courts discretion to abstain from exercising jurisdiction over a claim when resolution  of that claim would interfere with an ongoing state proceeding").

the reasons of absolute immunity or for the lack of state action.

"[J]udges are immune from suit under section 1983." Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages").  Judicial immunity applies to all actions that are "judicial" in nature, see Stump v. Sparkman, 435 U.S. 349, 356 n.6 (1978), that is, all "function[s] normally performed by a judge . . . in his judicial capacity."  Stump, 435 U.S. at 362.  Since Judge Connor's decisions were acts "normally performed by a judge," these acts were covered by the immunity, and Plaintiff's claims must be dismissed, as barred.[4]

Plaintiff's claims against the prosecutor are similarly barred because prosecutors are also absolutely immune from actions under § 1983 for "initiating and pursuing a criminal

---

[4] While Plaintiff believes that Judge Connor is biased against him or that Judge Connor's decisions deprived him of his constitutional rights, Plaintiff's position is unavailing. "[Plaintiff's] allegations of bad faith [and] malice" cannot overcome [judicial] immunity." Abulkhair v. Rosenberg, 2012 U.S. App. LEXIS 494 (3d Cir. Jan. 10, 2012) (quoting Mireles, 502 U.S. at 11); see also Gallas, 211 F.3d at 769 (explaining "an act does not become less judicial by virtue of an allegation of malice or corruption of motive," or that such action is "unfair" or "controversial"); accord Stump, 435 U.S. at 363 ("[d]isagreement with the action taken by the judge, however, does not justify depriving the judge of his immunity").  "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump, 435 U.S. at 355-56).

prosecution." <u>Kalina v. Fletcher</u>, 522 U.S. 118 (1997) (quoting
<u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976)).[5]

Finally, Plaintiff's claims against his public defender and
her supervisor are facially deficient for failure to show that
these Defendants acted under the "color of law."[6]  <u>See</u> <u>Groman v.
Twp. of Manalapan</u>, 47 F.3d 628, 633 (3d Cir. 1995).

Correspondingly, the Court will grant Plaintiff <u>in</u> <u>forma
pauperis</u> status and direct the Clerk to file the complaint.[7]  The

_____

[5] "[A] state prosecuting attorney who act[s] within the
scope of his duties initiating and pursuing a criminal
prosecution" is not amenable to suit under § 1983.  <u>Imbler</u>, 424
U.S. at 410.  Thus, a prosecutor's appearances and statements
made in court or applications for certain favorable-to-the-State
decisions and the presentation of evidence at hearings and trial
are protected by absolute immunity.  <u>See</u> <u>Burns v. Reed</u>, 500 U.S.
478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in
preparing for the initiation of judicial proceedings or for
trial, and which occur in the course of his role as an advocate
for the State, are entitled to the protections of absolute
immunity." <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993).

[6] Neither a privately retained counsel nor a court-appointed
public defender who performs a lawyer's traditional function as
counsel to a defendant in a criminal proceeding could be deemed
as acting under the color of law.  <u>See</u> <u>Polk County v. Dodson</u>, 454
U.S. 312, 325 (1981).  Whether court-appointed or privately
retained, a defense attorney represents only her client and not
the state.  <u>See</u> <u>Johnson v. Kafrissen</u>, 1995 U.S. Dist. LEXIS 8072,
at *2 (E.D. Pa. June 5, 1995).  In addition, Plaintiff's claims
against the supervisor are deficient by being based solely on the
theory of <u>respondeat</u> <u>superior.</u>  <u>See</u> <u>Iqbal</u>, 556 U.S. at 676
("Government officials may not be held liable for [the] conduct
of their subordinates under a theory of <u>respondeat</u> <u>superior</u>").

[7]  Out of abundance of caution, the Court will direct
assessment of the filing fee against Plaintiff.  However, in the
event Plaintiff was released from confinement, no assessment will
ensue.

complaint will be dismissed with prejudice, and no leave to amend will issue.[8]

    An appropriate Order follows.


                              s/ Noel L. Hillman
                              **NOEL L. HILLMAN**
                              **United States District Judge**


Dated: September 26, 2013
At Camden, New Jersey

---

[8] Ordinarily, plaintiff may be granted "leave [to amend,] . . . when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). However, "[a]llowing leave to amend where 'there is a stark absence of any suggestion by the plaintiffs that they [might] developed any facts since the action was commenced, which would, if true, cure the defects in the pleadings . . . , would frustrate Congress's objective in enacting this statute of 'provid[ing] a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis."' Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 164 (3d Cir. 2004) (citation omitted). Here, Plaintiff's claims for injunctive relief are without merit, and his claims for monetary damages are barred by the judicial and prosecutorial immunities or fail for failure to meet the color of law requirement. Thus, no leave to amend is warranted.