NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARK PICOZZI, | : | |
| Plaintiff, | : | Civil Action No. 12-3063 (NLH) |
| v. | : | **O P I N I O N** |
| HONORABLE KYRAN CONNOR et al., | : | |
| Defendants. | : | |

**Hillman**, District Judge:

    Plaintiff Mark Picozzi ("Plaintiff"), then being a pre-trial detainee confined at the Atlantic County Justice Facility, Mays Landing, New Jersey, commenced this 42 U.S.C. § 1983 action by submitting a civil complaint unaccompanied by prepayment of his filing fee. Following this Court's order denying him in forma pauperis status, see Docket Entry No. 3, he submitted a proper application and now qualifies to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) (1998). See Docket Entry No. 5.

    Plaintiff's complaint named, as Defendants, Judge Connor (the trial judge presiding over Plaintiff's state prosecution), Donna Fetzer (the prosecutor representing the State in that case), and Nellie Marquez and Robern Moran (the public defender

representing Plaintiff and her supervisor). The complaint asserted that: (a) Plaintiff's rights to speedy trial were violated; (b) during a certain court hearing, the prosecutor described the content of evidence in the fashion Plaintiff deemed erroneous; (c) the public defender was not sufficiently prepared; (d) the public defender's supervisor was insufficiently involved; and (e) the trial judge made certain scheduling decisions and evidentiary findings unfavorable to the Plaintiff. See Docket Entry No. 1, at 4-6. Plaintiff asked this Court to dismiss his state criminal proceedings or, in alternative, to preside over Plaintiff's state prosecution.[1] See id. at 11.

Plaintiff made a substantively identical request to the United States Court of Appeals for the Third Circuit. See In re Picozzi, 501 F. App'x 103 (3d Cir. 2012). The Court of Appeals denied Plaintiff injunctive relief and explained to him that no federal court intervention was warranted.[2] See id.

The complaint fails to state a claim upon which relief can be granted. See Ashcroft v. Iqbal, 556 U.S. 662 (2009) (to

---

[1] Plaintiff did not seek removal of his state prosecution to the federal forum.

[2] As of now, the website of New Jersey Department of Corrections does not show Plaintiff as a state inmate, thus suggesting that Plaintiff's criminal trial took place, and he was either acquitted or convicted and has served any sentence of incarceration. See https://www6.state.nj.us/DOC_Inmate/results. However, the Court cannot rule out that Plaintiff might still be in confinement and remains in the pre-trial detention stage.

survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (citation omitted).

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Here, Plaintiff failed to make the required showing.

To the extent Plaintiff seeks injunctive relief, such relief is unwarranted. The Court of Appeals already extensively detailed the relevant law to Plaintiff, see In re Picozzi, 501 F. App'x 103, and repeating that here is unnecessary.[3]

To the extent Plaintiff's challenges could be construed as seeking monetary damages, they are facially deficient, either for

---

[3] If Plaintiff seeks to raise his constitutional challenges before this Court, the Court's intervention would run afoul of the doctrine articulated in Younger v. Harris, 401 U.S. 37, 41 (1971). See Kendall v. Russell, 572 F.3d 126, 130, 52 V.I. 1021 (3d Cir. 2009) ("Younger abstention [prompts the] federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding").

the reasons of absolute immunity or for the lack of state action.

"[J]udges are immune from suit under section 1983." Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Judicial immunity applies to all actions that are "judicial" in nature, see Stump v. Sparkman, 435 U.S. 349, 356 n.6 (1978), that is, all "function[s] normally performed by a judge . . . in his judicial capacity." Stump, 435 U.S. at 362. Since Judge Connor's decisions were acts "normally performed by a judge," these acts were covered by the immunity, and Plaintiff's claims must be dismissed, as barred.[4]

Plaintiff's claims against the prosecutor are similarly barred because prosecutors are also absolutely immune from actions under § 1983 for "initiating and pursuing a criminal

---

[4] While Plaintiff believes that Judge Connor is biased against him or that Judge Connor's decisions deprived him of his constitutional rights, Plaintiff's position is unavailing. "[Plaintiff's] allegations of bad faith [and] malice" cannot overcome [judicial] immunity." Abulkhair v. Rosenberg, 2012 U.S. App. LEXIS 494 (3d Cir. Jan. 10, 2012) (quoting Mireles, 502 U.S. at 11); see also Gallas, 211 F.3d at 769 (explaining "an act does not become less judicial by virtue of an allegation of malice or corruption of motive," or that such action is "unfair" or "controversial"); accord Stump, 435 U.S. at 363 ("[d]isagreement with the action taken by the judge, however, does not justify depriving the judge of his immunity"). "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump, 435 U.S. at 355-56).

prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)).[5]

Finally, Plaintiff's claims against his public defender and her supervisor are facially deficient for failure to show that these Defendants acted under the "color of law."[6] See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).

Correspondingly, the Court will grant Plaintiff in forma pauperis status and direct the Clerk to file the complaint.[7] The

---

[5] "[A] state prosecuting attorney who act[s] within the scope of his duties initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. Imbler, 424 U.S. at 410. Thus, a prosecutor's appearances and statements made in court or applications for certain favorable-to-the-State decisions and the presentation of evidence at hearings and trial are protected by absolute immunity. See Burns v. Reed, 500 U.S. 478, 492 (1991). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

[6] Neither a privately retained counsel nor a court-appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed as acting under the color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Whether court-appointed or privately retained, a defense attorney represents only her client and not the state. See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995). In addition, Plaintiff's claims against the supervisor are deficient by being based solely on the theory of respondeat superior. See Iqbal, 556 U.S. at 676 ("Government officials may not be held liable for [the] conduct of their subordinates under a theory of respondeat superior").

[7] Out of abundance of caution, the Court will direct assessment of the filing fee against Plaintiff. However, in the event Plaintiff was released from confinement, no assessment will ensue.

complaint will be dismissed with prejudice, and no leave to amend will issue.[8]

An appropriate Order follows.

                                       s/ Noel L. Hillman
                                       **NOEL L. HILLMAN**
                                       **United States District Judge**

Dated: September 26, 2013
At Camden, New Jersey

---

[8] Ordinarily, plaintiff may be granted "leave [to amend,] . . . when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). However, "[a]llowing leave to amend where 'there is a stark absence of any suggestion by the plaintiffs that they [might] developed any facts since the action was commenced, which would, if true, cure the defects in the pleadings . . . , would frustrate Congress's objective in enacting this statute of 'provid[ing] a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis.'" Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 164 (3d Cir. 2004) (citation omitted). Here, Plaintiff's claims for injunctive relief are without merit, and his claims for monetary damages are barred by the judicial and prosecutorial immunities or fail for failure to meet the color of law requirement. Thus, no leave to amend is warranted.